## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

```
----------------------------------------------------- x
                                                       :
JONATHAN IMHOFF and                                    :
GLEN AURELIUS,                                          :
on behalf of themselves                                :
and all others similarly situated,                     :
                                                       :   Civil Action No. 2:15-679 (AJS)
          Plaintiffs,                                  :
                                                       :
          v.                                           :
                                                       :
WEATHERFORD INTERNATIONAL,                             :
LLC and WEATHERFORD U.S., L.P.;                        :
                                                       :
          Defendants.                                  :
                                                       :
----------------------------------------------------- x
```

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Settlement," "Agreement," or "Settlement Agreement") is entered into between Plaintiffs Jonathan Imhoff and Glen Aurelius, and Defendants Weatherford U.S., L.P. and Weatherford International, LLC, subject to the approval of the Court.

## RECITALS

1.     Plaintiffs Jonathan Imhoff and Glen Aurelius filed a complaint against Defendants Weatherford U.S., L.P. and Weatherford International, LLC in the United States District Court for the Western District of Pennsylvania on May 26, 2015, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.104(c), based on alleged misclassification of "service supervisors" as exempt from the overtime requirements of the FLSA and PMWA.  The complaint was styled as an FLSA collective action and a PMWA class action.  Defendants answered the complaint on August 7, 2015, denying liability and asserting affirmative defenses.

2.     On September 18, 2015, the Parties stipulated to conditional certification of an FLSA collective action with a putative class composed of all service supervisors who worked out of Defendants' Buckhannon, West Virginia or Muncy, Pennsylvania district offices between September 18, 2012, and September 18, 2015.  Plaintiffs then sent Court-approved notice of this lawsuit to all members of the conditionally-certified FLSA collective action, and eleven (11) individuals opted into the case through the mechanism established in 29 U.S.C. § 216(b).

3.     On December 8, 2015, the Parties participated in a mediation conducted by Louis

Kushner, an experienced FLSA mediator registered with this Court.  During the mediation, the Parties discussed several issues pertaining to the merits of the case, as well as damages estimates that each party had prepared using Defendants' payroll and invoice records.  The Parties were unable to reach an agreement at the mediation.

4.      On February 9, 2016, less than two months before the scheduled trial in this Action, the Parties, through counsel, met once again with Mr. Kushner the discuss the possibility of settlement.  Defendants made a final offer, and after two days of additional negotiations, the Parties reached an agreement on February 11, 2016, to settle this Action according to the terms of this Settlement Agreement, subject to and conditioned on Court approval.

5.      Plaintiffs and their counsel have performed a thorough and independent investigation of the facts and law related to the allegations in the class-action complaint.  In agreeing to this Settlement Agreement, Plaintiffs have considered: (a) the facts developed during discovery, (b) the facts and legal arguments discussed during the December 8, 2015, mediation; (c) the risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (d) the desirability of consummating this settlement according to the terms of this Agreement.  Plaintiffs have concluded that the terms of this settlement are fair, reasonable, and adequate and that it is in the best interests of Plaintiffs and the Settlement Class to settle their claims against Defendants pursuant to the terms set forth below.

6.      Defendants deny the allegations in the complaint and disclaims any liability with respect to the claims alleged in the complaint.  Defendants enter into this Settlement Agreement because it will eliminate the burden, risk, and expense of further litigation.  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability, or wrongdoing.

7.      As a negotiated compromise, and in consideration of and in reliance upon the definitions, recitals, promises, covenants, understandings, and obligations set forth in this Settlement Agreement, the Parties STIPULATE AND AGREE as follows, subject to the final approval of the Court and the other conditions set forth herein:

## **DEFINITIONS**

8.      The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Action" means *Imhoff et al. v. Weatherford International, LLC et ano.*, Civil Action No. 2:15-679-AJS (W.D. Pa.).

b.      "CAFA Notice" means the notice to be sent by Defendants to the appropriate federal and state officials in accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

c.      "Claim Form" means the claim form that Settlement Class Members (other than Plaintiffs and Opt-In Plaintiffs) must timely submit to the Settlement Administrator in order to receive a Settlement Award, substantially in the form of Exhibit 2 attached hereto or as approved by the Court.

  d.  "Class Counsel" means The Employment Rights Group.

  e.  "Court" means the United States District Court for the Western District of Pennsylvania, the Honorable Arthur J. Schwab presiding.

  f.  "Defendants" means Weatherford International, LLC and Weatherford U.S., L.P.

  g.  "Defendants' Counsel" means Littler Mendelson P.C.

  h.  "Effective Date" means (i) the first business day after the Court's Final Approval Order if no one objects to the Settlement in accordance with Paragraphs 24-26 below, or (ii) the first business day after the Court's Final Approval Order is finally affirmed on appeal or is no longer eligible for appeal or certiorari if any person objects to the Settlement in accordance with Paragraphs 24-26 below.

  i.  "Exclusion Form" means the exclusion request form substantially in the form of Exhibit 3 attached hereto or as approved by the Court.

  j.  "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

  k.  "Final Approval Order" means the order memorializing the Court's final approval of the Settlement, to be issued by the Court following the Final Approval Hearing.

  l.  "Gross Settlement Amount" means the maximum amount Defendants shall pay in exchange for the release of all Released Claims by Plaintiffs and the Settlement Class, which is the gross sum of Six Hundred Thousand Dollars ($600,000.00), excluding (i) Defendants' share of FICA and FUTA payroll taxes, (ii) the full cost of the mediation sessions conducted by Louis Kushner on December 8, 2015, and February 9, 2016, and (iii) the administration costs incurred by the Settlement Administrator, up to Twelve Thousand Dollars ($12,000.00).

  m.  "Net Settlement Amount" means the Gross Settlement Amount less: (i) up to $17,500 to Plaintiffs for their efforts in bringing and prosecuting this Action and for their release of additional claims against Defendants as set forth in Paragraph 12 below, and (ii) up to $200,000 to Class Counsel as compensation for reasonable attorneys' fees and reimbursement for out-of-pocket litigation costs. The Parties acknowledge that these amounts are subject to the Court's approval.

  n.  "Notice Deadline" means the date thirty (30) days after the Settlement Notice, Claim Form, and Exclusion Form are initially mailed to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to submit their Claim Form or Exclusion Form or object to the Settlement.

  o.  "Opt-In Plaintiffs" means the eleven individuals who previously opted into this Action through the mechanism established in 29 U.S.C. § 216(b). Specifically: Dallas Evano; Steve Garland; Jason Haralson; Brian Johns; Darrell Kepner; Bobby Martinez, Jr.; Ron

Phillips; Dennis Smith; Chad Stidham; Richard Summerfield; and Elden Thompson.

    p. "Participating Class Members" means (i) Plaintiffs and Opt-In Plaintiffs who do not timely opt out of the Settlement Class in accordance with Paragraphs 27-29 below and (ii) all Settlement Class Members who timely submit a Claim Form in accordance with Paragraphs 21-23 below and do not timely opt out in accordance with Paragraphs 27-29 below.

    q. "Parties" means Plaintiffs and Defendants.

    r. "Plaintiffs" means named plaintiffs Jonathan Imhoff and Glen Aurelius.

    s. "Preliminary Approval Order" means the order memorializing the Court's preliminary approval of the Settlement, to be issued by the Court after the Agreement is submitted for Court approval but before the Final Approval Hearing.

    t. "Releasees" means Defendants and their past, present, and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

    u. "Settlement Administrator" means Dahl Administration, LLC, subject to the approval of the Court.

    v. "Settlement Award" means the payment that each Participating Class Member shall be entitled to receive pursuant to the terms of this Agreement.

    w. "Settlement Class" or "Settlement Class Members" means all persons who worked for Defendant Weatherford U.S., L.P. as a service supervisor out of Defendant Weatherford U.S., L.P.'s district in Buckhannon, West Virginia, or Muncy, Pennsylvania, at any time between May 26, 2012, and December 31, 2015.

    x. "Settlement Notice" means the notice to the Settlement Class substantially in the form of Exhibit 1 attached hereto or as approved by the Court.

## CLASS CERTIFICATION

   9. For settlement purposes only, the Parties stipulate to the certification by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure of the Settlement Class as defined above.  A list of all individuals who are believed to be eligible to receive compensation under this Agreement is attached as Exhibit 4.  If the Settlement is not approved, Defendants' stipulation to the certification of the Rule 23 Class shall be null and void and may not be used, introduced, or relied upon by Plaintiffs, Class Counsel, or any Settlement Class Member for any purpose whatsoever in this Action or any other judicial, administrative, or arbitral proceeding.

## RELEASES

   10. **Settlement Class Members**.  In consideration of the benefits made available to Settlement Class Members under this Agreement, each Settlement Class Member who does not

timely opt out of the Settlement Class in accordance with Paragraphs 27-29 below shall be deemed, as of the Effective Date, to have released and forever discharged Releasees from all claims, obligations, causes of action, and liabilities that arise under the PMWA or any other state law and that were asserted or could have been asserted against Releasees in the Action based on Defendants' alleged non-payment of wages (including overtime premium pay) between May 26, 2012, and December 31, 2015.

11.   **Opt-In Plaintiffs**.  In consideration of the benefits to be received by Opt-In Plaintiffs under this Agreement, each Opt-In Plaintiff who does not timely opt out of the Settlement Class in accordance with Paragraphs 27-29 below shall be deemed, upon the Effective Date, to have released and forever discharged Releasees from any and all claims, obligations, causes of action, and liabilities, including but not limited to claims under the FLSA, PMWA, and all other state laws, that were asserted or could have been asserted against Releasees in the Action based on Defendants' alleged non-payment of wages (including overtime premium pay) between May 26, 2012, and December 31, 2015.

12.   **Plaintiffs**.  In consideration of the benefits to be received by Plaintiffs under this Agreement, Plaintiffs shall be deemed, upon the Effective Date, to have released and forever discharged Releasees from: any and all claims, obligations, causes of action, and liabilities of whatever nature that may have accrued as of the date on which Plaintiffs sign this Agreement, including but not limited to any claim for costs, fees, interest, or other expenses incurred in this matter; any and all claims for bonuses, commissions, or incentive compensation of any type, whether under common law or policy or contract; any and all claims that were asserted or could have been asserted in the Action; any and all claims for breach of contract or violation of tort laws; any and all claims arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, or infliction of emotional distress; any and all claims arising under Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Genetic Information Nondiscrimination Act of 2008; the Employee Retirement Income Security Act of 1974 (except for any vested benefits under any tax qualified benefit plan); the Civil Rights Act of 1991; the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990, as amended; the Family and Medical Leave Act; the Equal Pay Act; the Sarbanes Oxley Act; the Dodd-Frank Act, the Pennsylvania Human Relations Act; the Pennsylvania Whistleblower Law; the FLSA; the PMWA; and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations; or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring through the date on which Plaintiffs execute this Agreement; ***except that*** Plaintiffs do not release or discharge any claim related to the enforcement of this Agreement; any claim that Plaintiffs could

make for unemployment compensation or workers' compensation; any rights or claims that may arise after the date on which Plaintiffs execute this Agreement; and any claim challenging the validity of this release.

## PRELIMINARY APPROVAL

13.     Plaintiffs shall file an Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, requesting that the Court preliminarily approve the Settlement, certify the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and set a date for the Final Approval Hearing.

## CAFA NOTICE

14.     Defendants shall mail the CAFA Notice to the appropriate governmental authorities within ten (10) days after the submission of this Agreement to the Court.

## SETTLEMENT NOTICE

15.     The Settlement Administrator shall be responsible for preparing, printing, and mailing the Settlement Notice, Claim Form, and Exclusion Form to all Settlement Class Members.

16.     Within five (5) business days after the Court's Preliminary Approval Order, Defendants' Counsel shall provide Class Counsel and the Settlement Administrator with a computer-readable spreadsheet containing the names, last known residential addresses, last known telephone numbers, and last known email addresses of each Settlement Class Member.  In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice, Claim Form, and Exclusion Form, will run the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database.

17.     Within five (5) business days after receiving the contact information for the Settlement Class, the Settlement Administrator shall mail and email an agreed-upon and Court-approved Settlement Notice, Claim Form, and Exclusion Form to the Settlement Class.

18.     Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within two (2) business days following receipt of the returned mail.  If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts (such as skip traces) to search for the correct address and shall promptly re-mail the Settlement Notice, Claim Form, and Exclusion Form to any newly found addresses.

19.     Insofar as Defendants communicate about the Settlement with current employees who are Settlement Class Members, they shall not discourage them from participating in the Settlement.  Defendants will not take any adverse action against any individual because he or she is eligible to participate or does participate in the Settlement.

20.     To be timely, all Claim Forms and Exclusion Forms must be postmarked by the Notice Deadline.  The parties, by way of written mutual agreement, may waive this time limitation on a case-by-case basis.

## CLAIM FORMS

21.     Settlement Class Members (except Plaintiffs and Opt-In Plaintiffs) who wish to receive a Settlement Award must mail to the Settlement Administrator a completed Claim Form indicating that they wish to participate in and be bound by the Settlement.  Any Settlement Class Member who submits a timely Claim Form will be bound by and subject to this Settlement Agreement.  Plaintiffs and Opt-In Plaintiffs need not return a Claim Form to receive a Settlement Award, and all Opt-In Plaintiffs and Plaintiffs will receive a Settlement Award unless the Opt-In Plaintiff or Plaintiff files a timely exclusion form in accordance with Paragraphs 27-29 below.

22.     To be timely, the Claim Form must be postmarked on or before the Notice Deadline, except that the Parties, by way of mutual agreement, may waive this time limitation on a case-by-case basis.

23.     The Settlement Administrator shall provide copies of any completed Claim Forms to Class Counsel and Defendants' Counsel on a weekly basis.

## OBJECTIONS

24.     Settlement Class Members who wish to object to the Settlement must file with the Court, on or before the Notice Deadline, a written notice of objection signed personally by the Settlement Class Member or his or her counsel.  The notice of objection must state the objector's name, home address, and telephone number; the factual and legal grounds for the objection; and whether the objector intends to appear at the Final Approval Hearing.  The objecting Settlement Class Member also must serve a copy of the notice of objection on Class Counsel and Defendants' Counsel by the Notice Deadline.

25.     The date of filing with the Court and the postmark date of service to Class Counsel and Defendants' Counsel shall be deemed the exclusive means for determining whether the notice of objection is timely.  Settlement Class Members who fail to make objections in the manner specified above, as set forth in the Court-approved Notice, shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.  Settlement Class Members who file and serve timely notices of objection shall have the right to appear at the Final Approval Hearing to have their objections heard by the Court.

26.     No person who opts out from the Settlement in accordance with Paragraphs 27-29 below shall have the right to object to the Settlement.

## EXCLUSIONS

27.     Settlement Class Members who wish to exclude themselves from (or "opt out" of) the Settlement must mail to the Settlement Administrator a completed Exclusion Form indicating that they do not wish to participate in or be bound by the Settlement.  Any Settlement Class

Member who submits a timely Exclusion Form will not be bound by or subject to this Settlement Agreement.

28.     To be timely, the Exclusion Form must be postmarked on or before the Notice Deadline, except that the Parties, by way of mutual agreement, may waive this time limitation on a case-by-case basis.  No opt-out request may be made on behalf of a group.

29.     The Settlement Administrator shall provide copies of any completed Exclusion Forms to Class Counsel and Defendants' Counsel on a weekly basis.

## FINAL APPROVAL HEARING

30.     Class Counsel shall ask the Court to schedule a Final Approval Hearing to determine whether to finally approve the settlement and enter a Final Approval Order:

a.     certifying this Action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b.     finally approving the Settlement and its terms as a fair, reasonable, and adequate settlement of this Action;

c.     directing that the Gross Settlement Amount be distributed in accordance with the terms of this Settlement Agreement; and

d.     directing the Parties to dismiss the Action with prejudice once the settlement funds have been distributed in accordance with this Agreement and the Court's Final Approval Order.

## PAYMENTS AND AWARD CALCULATION

31.     Defendants shall pay all fees and costs incurred by Louis Kushner, the Court-appointed mediator, in connection with the mediation sessions conducted on December 8, 2015, and February 9, 2016.  This amount shall be in addition to, and shall not be deducted from, the Gross Settlement Amount.

32.     Defendants shall pay all fees and costs incurred by the Settlement Administrator, up to a maximum of Twelve Thousand Dollars ($12,000.00).  This amount shall be in addition to, and shall not be deducted from, the Gross Settlement Amount.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to minimize the costs incurred in the administration of the Settlement.

33.     **Settlement Award Eligibility**.  All Participating Class Members shall be paid a Settlement Award from the Net Settlement Amount.  Class Counsel shall be responsible for determining the amount of the Settlement Awards to be paid to Participating Class Members based on the following procedure:

a.     **Participating Class Members Who Are Not Plaintiffs or Opt-In Plaintiffs.**  Each Participating Class Member who is not a Plaintiff or Opt-In Plaintiff (*i.e.*, all

Participating Class Members who did not previously opt into this Action through the mechanism established in 29 U.S.C. § 216(b)) shall receive a Settlement Award calculated as follows:

    i.   For each semimonthly pay period during which the Participating Class Member was employed by Defendants between May 26, 2012, and December 31, 2015, Class Counsel shall assume that the Participating Class Member worked 121.67 hours (based on assumptions of a 12-hour workday in the field and that Participating Class Members worked in the field two out of every three days).

    ii.   Using payroll records and other information provided by Defendants, Class Counsel shall determine the amount of salary compensation paid to the Participating Class Member during each semimonthly pay period between May 26, 2012, and December 31, 2015.  To determine a regular rate of pay for the Participating Class Member for each pay period, Class Counsel shall divide the total salary compensation received during the semimonthly pay period by 121.67 (the total number of hours worked in the pay period).

    iii.   To determine the amount of overtime compensation owed to the Participating Class Member for each pay period, Class Counsel shall multiply the regular rate of pay for that pay period (as calculated above) times 34.97 (the number of overtime hours per pay period, based on 121.67 work hours per pay period) times one-half (the overtime premium owed for each overtime hour) – i.e., regular rate of pay $x$ 34.97 $x$ 0.5.

    iv.   Class Counsel shall then add up the total amount of overtime compensation owed to the Participating Class Member for each week worked as a service supervisor between May 26, 2012, and December 31, 2015.  That total amount shall be multiplied by 47%, which represents the settlement discount.  The resulting number is the Participating Class Member's Settlement Award.

    b.    **Plaintiffs and Opt-In Plaintiffs.**  Each of the Plaintiffs and Opt-In Plaintiffs (*i.e.*, all Participating Class Members who previously opted into this Action through the mechanism established in 29 U.S.C. § 216(b)) shall receive a Settlement Award calculated in the same manner as the other Participating Class Members, as set forth in Paragraph 33(a) above.  Each Plaintiff and Opt-In Plaintiff also shall receive an additional amount representing liquidated damages equal to the amount of the Settlement Award calculated under Paragraph 33(a).  Thus, the total award for each Plaintiff and Opt-In Plaintiff will be twice the amount of the Settlement Award calculated for that Plaintiff or Opt-In Plaintiff using the procedure in Paragraph 33(a).

    c.    Within five (5) business days of the Preliminary Approval Order, Class Counsel shall provide the Settlement Administrator with a computer-readable spreadsheet reflecting the amount of the Settlement Award for each Settlement Class Member.

d.     Only Participating Class Members shall receive a Settlement Award; Opt-In Plaintiffs who exclude themselves from the Settlement in accordance with Paragraphs 27-29 and other Settlement Class Members who do not return a timely Claim Form in accordance with Paragraphs 21-23 above or who exclude themselves from the Settlement in accordance with Paragraphs 27-29 will not receive a Settlement Award.

e.     If any Settlement Class Members do not return a timely Claim Form in accordance with Paragraphs 21-23 above, or if any Settlement Class Members exclude themselves from the Settlement in accordance with Paragraphs 27-29, the Settlement Awards of those Settlement Class Members shall be distributed *pro rata* to the Participating Class Members.  Class Counsel shall be responsible for determining the *pro rata* allocation of those unclaimed settlement awards.  In the event that one or more Settlement Class Members fail to return a timely Claim Form or exclude themselves from the Settlement, Class Counsel shall notify the Settlement Administrator of the proper allocation of those Settlement Awards within ten (10) business days of the Notice Deadline.

34.     **Settlement Fund**.  Within forty-five (45) days after the entry of the Preliminary Approval Order, Defendants shall wire the Gross Settlement Amount to the Settlement Administrator.  Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1.  The Settlement Administrator shall provide Defendants with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds.  Defendants shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.  There shall be no reversion of any portion of the Gross Settlement Amount to Defendants, except as provided in Paragraph 37 below.  The interest on the funds deposited by Defendants will inure to the benefit of the Settlement Class.

35.     Subject to the Court's Final Approval Order, the Settlement Administrator shall make the following payments from the Qualified Settlement Fund:

a.     **Service Award**.  Subject to the Court's approval, Plaintiff Jonathan Imhoff shall receive a service award in the amount of $10,000, and Plaintiff Glen Aurelius shall receive a service award in the amount of $7,500.  These service awards shall compensate Plaintiffs for their efforts in bringing and prosecuting this Action, sitting for depositions, attending the mediation, and other time-consuming activities undertaken on behalf of the Settlement Class Members.  The service awards also compensate Plaintiffs for the general release of claims set forth in Paragraph 12.  These payments are in addition to Plaintiffs' individual Settlement Awards.  The Settlement Administrator shall distribute checks constituting any Court-approved service awards to Plaintiffs within five (5) business days of the Effective Date.  The Settlement Administrator will issue an IRS Form 1099 to each Plaintiff reflecting the service award.  Plaintiffs shall be solely responsible for paying all applicable taxes on the service award.

b.     **Attorneys' Fees and Costs**.  Subject to the Court's approval, Class Counsel shall receive $200,000 as compensation for reasonable attorneys' fees and reimbursement for out-of-pocket litigation costs.  The award of attorneys' fees shall compensate Class Counsel for all work

performed in the Action as of the date of this Settlement Agreement as well as all work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, administering and implementing the Settlement, and dismissing the Action.  Within five (5) business days of the Effective Date, the Settlement Administrator shall deliver a check to Class Counsel for the full amount of the fees and costs approved by the Court.  The Settlement Administrator shall issue an IRS Form 1099 to Class Counsel reflecting the award of fees and costs.  Class Counsel shall be solely responsible for paying all applicable taxes on the payment made to Class Counsel.

      c.    **Settlement Awards**.  The Settlement Administrator shall mail all Settlement Awards to Participating Class Members within five (5) business days of the Effective Date.  The Settlement Administrator shall then provide a written certification of such payments to Class Counsel and Defendants' Counsel.

      36.    **Tax Treatment**.  The Settlement Administrator shall use the following procedures for purposes of withholding taxes and other amounts from the Settlement Awards:

      a.    **With respect to each Plaintiff and Opt-In Plaintiff**, fifty percent (50%) of the Plaintiff or Opt-In Plaintiff's Settlement Award shall be treated as back wages, and fifty percent (50%) of the Plaintiff or Opt-In Plaintiff's Settlement Award shall be treated as liquidated damages under the FLSA.  The Settlement Administrator shall not withhold any taxes or other withholdings from the portion of the Settlement Award attributable to liquidated damages, and the Plaintiff or Opt-In Plaintiff shall be solely responsible for the payment of all applicable federal, state, and local taxes with respect to the portion of the Settlement Award attributable to liquidated damages.  The Settlement Administrator will issue an IRS Form 1099 to each Plaintiff and Opt-In Plaintiff reflecting the sum treated as liquidated damages.  With respect to the portion of the Settlement Award attributable to back wages, the Settlement Administrator shall effectuate withholding of appropriate federal, state, and local taxes, including the Plaintiff or Opt-In Plaintiff's share of applicable FICA taxes.  The Settlement Administrator shall be responsible for remitting all withheld taxes to the appropriate governmental authorities.  The Settlement Administrator shall not withhold the employer's share of applicable FICA and FUTA taxes, and Defendants shall be solely responsible for paying those amounts to the appropriate governmental authorities.  The Settlement Administrator will issue an IRS Form W-2 and analogous state tax forms to each Plaintiff and Opt-In Plaintiff, reflecting the award of back wages.

      b.    **With respect to each Participating Class Member who is not a Plaintiff or Opt-In Plaintiff**, one hundred percent (100%) of the Participating Class Member's Settlement Award shall be treated as back wages.  The Settlement Administrator shall effectuate withholding of appropriate federal, state, and local taxes, including the Participating Class Member's share of applicable FICA taxes.  The Settlement Administrator shall be responsible for remitting all withheld taxes to the appropriate governmental authorities.  The Settlement Administrator shall not withhold the employer's share of applicable FICA and FUTA taxes, and Defendants shall be solely responsible for paying those amounts to the appropriate governmental authorities.  The Settlement Administrator will issue an IRS Form W-2 and analogous state tax forms to each Participating Class Member, reflecting the award of back wages.

37.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and will thereafter be automatically canceled if not cashed within that timeframe, at which time the right to recover any Settlement Award will be waived and deemed void.  Each settlement check issued by the Settlement Administrator will state, in conspicuous writing on the front of the check, that the check is void if it is not cashed within 180 days.  All funds from uncashed settlement checks shall revert to the Qualified Settlement Fund identified in Paragraph 34.  If, at the conclusion of the 180-day check void period, more than $2,500 remains in the Qualified Settlement Fund, that amount shall be distributed *pro rata* to all Participating Class Members; if the amount remaining in the Qualified Settlement Fund is equal to or less than $2,500, that amount shall revert to Defendants.

## MISCELLANEOUS

38.     **No Admission of Liability.**  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault or liability or wrongdoing.

39.     **Defendants' Legal Fees.**  Defendants' legal fees and expenses in this Action shall be borne by Defendants.

40.     **Nullification of the Settlement Agreement.**  In the event (a) the Court does not preliminarily or finally approve the Settlement as provided herein or (b) the Settlement does not become final for any other reason, the Parties agree to engage in follow-up negotiations with the intent of resolving whatever concerns precluded the Court's approval, and if feasible, to resubmit the settlement for approval within thirty (30) days.   If the Settlement is not approved as resubmitted or if the Parties are not able in good faith to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement, and this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

41.     **Inadmissibility of Settlement Agreement.**  Except for purposes of settling this Action, enforcing the terms of this Agreement, resolving an alleged breach of the Agreement, or resolving tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication, or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

42.     **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Rule 6(a)(6) of the Federal Rules of Civil Procedure), such time period shall be continued to the following business day.

43.     **Interim Stay of Proceedings.**  The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings as are necessary to implement and complete the Settlement.

44. **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by all Parties as well as Class Counsel and Defendants' Counsel.

45. **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement between the Parties, and no oral or written representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in this document.  All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  The Parties acknowledge that they have not relied on any promise, representation, or warranty, express or implied, not contained in this Agreement.

46. **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Louis Kushner, or the Court to resolve such disagreement.

47. **Binding on Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of Plaintiffs, Defendants, the Settlement Class Members, and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate, or reorganize.

48. **Counterparts.**  This Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

49. **No Signature Required by Participating Class Members.**  Only the Parties and their attorneys will be required to execute this Settlement Agreement; Settlement Class Members will not be required to sign this Agreement but nevertheless will be bound by its terms unless they exclude themselves in accordance with Paragraphs 27-29 above.  The Settlement Notice will advise all Settlement Class Members of the binding nature of the release, which shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member.

50. **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was

reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

51.     **Governing Law.**  All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

52.     **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for this purpose.

[THIS SPACE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** 

Jonathan Imhoff

Date: March ___, 2016

Glen Aurelius

Date: March ___, 2016

**DEFENDANTS:** _____

Date: March ___, 2016

**By:** _____

NAME and TITLE

**APPROVED AS TO FORM BY CLASS COUNSEL:**

Joseph H. Chivers, Esq.
THE EMPLOYMENT RIGHTS GROUP
100 First Ave., Suite 650
Pittsburgh, PA 15222
(412) 227-0763

Date: March ___, 2016

**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**

_____

Terrence H. Murphy, Esq.
LITTLER MENDELSON P.C.
EQT Plaza
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7621

Date: March ___, 2016

15

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** _____     Date: February ___, 2016
                 Jonathan Imhoff


                 _____     Date: February ___, 2016
                 Glen Aurelius


**DEFENDANTS:**    WEATHERFORD INTERNATIONAL, LLC    Date: March 29, 2016

                 By: _____
                     Joshua M. McMorrow, Vice President

                 WEATHERFORD U.S., L.P.              Date: March 29, 2016

                 By: _____
                     Joshua M. McMorrow, Vice President

15

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** _____     Date: February ___, 2016
                Jonathan Imhoff

                _____     Date: February ___, 2016
                Glen Aurelius

**DEFENDANTS:** _____     Date: March ___, 2016

        **By:** _____
                        NAME and TITLE

**APPROVED AS TO FORM BY CLASS COUNSEL:**

                _____     Date: February ___, 2016
                Joseph H. Chivers, Esq.
                THE EMPLOYMENT RIGHTS GROUP
                100 First Ave., Suite 650
                Pittsburgh, PA 15222
                (412) 227-0763

**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**

                _____     Date: April 2, 2016
                Terrence H. Murphy, Esq.
                LITTLER MENDELSON P.C.
                EQT Plaza
                625 Liberty Avenue, 26th Floor
                Pittsburgh, PA 15222
                (412) 201-7621

# <u>EXHIBIT 1</u>

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------ x
                                                 :
JONATHAN IMHOFF and                              :
GLEN AURELIUS,                                   :
on behalf of themselves                          :
and all others similarly situated,               :
                                                 :  Civil Action No. 2:15-679 (AJS)
          Plaintiffs,                            :
                                                 :
                                                 :
          v.                                     :  Judge Arthur J. Schwab
                                                 :
WEATHERFORD INTERNATIONAL,                       :
LLC and WEATHERFORD U.S., L.P.;                  :
                                                 :
          Defendants.                            :
                                                 :
------------------------------------------------ x
```

### NOTICE OF CLASS ACTION SETTLEMENT

TO:     [Class Member Name]
        [Address]
        [Address]
        [Email Address]

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice because the records of Weatherford U.S., L.P. (Weatherford) show that you worked for Weatherford as a service supervisor out of Weatherford's district in Buckhannon, West Virginia, or Muncy, Pennsylvania, at some time between May 26, 2012, and December 31, 2015.  If you fit this definition of a Class Member, **you are entitled to receive money from a Settlement in this case, as described below**.

All questions or inquiries regarding this Notice and the Settlement should be directed to the attorneys at The Employment Rights Group.  That law firm has been appointed as Class Counsel in this case.  Their contact information is:

The Employment Rights Group
100 First Avenue, Suite 650
Pittsburgh, PA 15222
(412) 227-0763

1

The United States District Court for the Western District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable.  The Court will hold a Final Approval Hearing on _____, 2016, at _____, before the Honorable Arthur J. Schwab of the United States District Court for the Western District of Pennsylvania, in Courtroom 7C of the United States Courthouse, located at 700 Grant Street, Pittsburgh, PA 15219.

| **1.** | **Why You Should Read This Notice.** |
|---|---|

If the Court approves the Settlement, you are entitled to receive money in connection with the Settlement of this lawsuit.  This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") from the Settlement, or object to the Settlement.

| **2.** | **What Is This Case About?** |
|---|---|

This lawsuit alleges that, between May 26, 2012, and December 31, 2015, service supervisors employed at Weatherford's districts in Buckhannon, West Virginia, and Muncy, Pennsylvania, were not paid overtime compensation, in violation of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).  Plaintiffs Jonathan Imhoff and Glen Aurelius brought this lawsuit to recover the overtime compensation allegedly owed to service supervisors who worked out of Weatherford's Buckhannon and Muncy districts between May 26, 2012, and December 31, 2015.

The parties have been litigating this case for almost one year, and on February 11, 2016, the parties reached a Settlement in this lawsuit.  You are covered by the Settlement.

| **3.** | **How Much Money Will I Receive if I Participate in the Settlement?** |
|---|---|

Weatherford has agreed to pay $600,000 to settle this lawsuit.  Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see Section 10 below) and service awards totaling $17,500 for the Plaintiffs who brought and pursued the lawsuit on behalf of the Settlement Class.  After deducting these amounts, what remains of the Settlement will be available to pay monetary Settlement Awards to all Settlement Class Members who file a timely Claim Form in accordance with the instructions in Section 5 below.

Under the terms of the Settlement Agreement, your estimated settlement payment will be at least $[**Settlement Award**] (less applicable taxes and withholdings).  All Settlement Award determinations are based on Weatherford's personnel and payroll records.  Using those records, your Settlement Award was calculated as follows:

- Using payroll records and other information provided by Weatherford, Class Counsel determined the amount of salary compensation you received from Weatherford during each semimonthly pay period between May 26, 2012, and December 31, 2015.  Class Counsel then calculated your "regular rate of pay" during that pay period by dividing the total salary compensation you received during the pay period by 121.67, which is the assumed number of hours each Class Member worked during each pay period.

2

- To determine the amount of overtime compensation you are owed for each pay period, Class Counsel multiplied a regular rate of pay for that pay period (as calculated above) times 34.97 (the number of assumed overtime hours per pay period, based on 121.67 work hours per pay period) times one-half (the overtime premium owed for each overtime hour) – *i.e.,* regular rate of pay *x* 34.97 *x* 0.5.

- Class Counsel then added the total amount of overtime compensation owed to you for each pay period you worked as a service supervisor between May 26, 2012, and December 31, 2015.  That total amount was multiplied by 47%, which represents the settlement discount that the parties agreed to in connection with this Settlement.  The resulting number is your Settlement Award.

- If you previously filed a consent to opt into this collective action through the "opt-in" mechanism established under the FLSA, you will receive an amount of liquidated damages equal to the amount of the Settlement Award calculated above.

Your Settlement Award constitutes back wages, and applicable employee payroll taxes and other withholdings will be deducted from the settlement check.  At the end of the year, you will receive an IRS Form W-2 reflecting this award of back wages.

If you receive an amount of liquidated damages through this Settlement (*i.e.*, if you previously filed a consent to opt into this collective action through the "opt-in" mechanism established under the FLSA), Weatherford will not deduct any taxes or withholdings from the liquidated damages you receive under this Settlement, and you will be solely responsible for the payment of all taxes associated with those liquidated damages.  At the end of the year, you will receive an IRS Form 1099 reflecting this award of liquidated damages.

If you have any questions about the proper tax treatment of the Settlement Award, you should consult with an attorney or tax advisor.

If you receive a Settlement Award, you will have 180 days to cash the check.  If you do not cash the check within 180 days, the check will be canceled and you will waive your right to receive a Settlement Award and any liquidated damages.

| **4.** | **What Do I Give Up?** |

Unless you exclude yourself from the Settlement in accordance with Section 6 below, you will be deemed to release and forever discharge Releasees (as defined in the Settlement Agreement) from all claims, obligations, causes of action, and liabilities that arise under the Pennsylvania Minimum Wage Act or any other state law and that were asserted or could have been asserted against Releasees in the Action based on Weatherford's alleged non-payment of wages (including overtime premium pay) between May 26, 2012, and December 31, 2015.

In addition, if you (i) previously opted into this case under the mechanism established in the Fair Labor Standards Act and (ii) do not exclude yourself from the Settlement in accordance with

Section 6 below, then you will also be deemed to release and forever discharge Releasees (as defined in the Settlement Agreement) from all claims, obligations, causes of action, and liabilities that arise under the Fair Labor Standards Act and that were asserted or could have been asserted against Releasees in the Action based on Weatherford's alleged non-payment of wages (including overtime premium pay) between May 26, 2012, and December 31, 2015.

This release applies only to Settlement Class Members who do not exclude themselves from the Settlement.  If you exclude yourself from the Settlement in accordance with Section 6 below, you will not be bound by the release, but you also will not receive a Settlement Award.

| **5.**  **How Can I Receive a Settlement Payment?** |
|---|

**To receive your Settlement Award, YOU MUST COMPLETE AND SUBMIT THE "CLAIM FORM" ATTACHED TO THIS NOTICE.  The "Claim Form" must be returned to the Settlement Administrator on or before [Notice Deadline].**

**If you do not return a valid and timely "Claim Form," you will not receive any money in connection with the Settlement.**

| **6.**  **How Do I Exclude Myself from the Settlement?** |
|---|

If you **DO NOT** want to participate in this Settlement, you may exclude yourself (i.e., "opt-out") by completing the attached Exclusion Form.  The Exclusion Form must be signed, dated, completed in its entirety, and returned to:

Weatherford Service Supervisors Overtime Lawsuit
c/o Dahl Administration
P.O. Box 3613
Minneapolis, MN 55403-0613

The Exclusion Form must be postmarked no later than [Notice Deadline]. If you submit an Exclusion Form that is postmarked after [Notice Deadline], your Exclusion Form will be rejected, and you will be bound by the Release and all other terms of the Settlement.

Any person who files a complete and timely Exclusion Form shall be barred from participating in any portion of the Settlement and shall receive no benefits from the Settlement.  Any such person, at their own expense, may pursue individually any claims he or she may have against Weatherford.  If you wish to exclude yourself and wish to pursue an individual action, you should know there are time limits on your right to file any such individual action.

| **7.**  **How Do I Object to the Settlement?** |
|---|

Before final approval by the Court, you may object to the Settlement if, for any reason, you believe it should not be approved by the Court.  If the Court rejects your objection, you will still

be bound by the terms of the Settlement.  No person who requests to be excluded from the Settlement by submitting an Exclusion Form shall have a right to object to the Settlement.

To object to the Settlement, you must file a written objection with the Clerk of Court at the United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219.  You also must send copies of your written objection to the following addresses:

|  |  |
|---|---|
| CLASS COUNSEL: | DEFENSE COUNSEL: |
| Joseph H. Chivers, Esq. | Terrence H. Murphy, Esq. |
| THE EMPLOYMENT RIGHTS GROUP | LITTLER MENDELSON P.C. |
| 100 First Avenue, Suite 650 | 625 Liberty Avenue, 26th Floor |
| Pittsburgh, PA 15222 | Pittsburgh, PA 15222 |

Any written objection must state that it is being filed in the above-captioned action (*Imhoff v. Weatherford International, LLC*, Case No. 2:15-cv-679-AJS), and must state the specific reasons for your objection and any legal support for each objection.  Your objection also must state your (i) full name, (ii) current address, and (iii) telephone number. **To be valid and effective, any objections you file with the Court, and send to Class Counsel and the Defense Counsel, must be postmarked no later than [Notice Deadline].**

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit.  The Final Approval Hearing will take place on _____, 2016, at _____, before the Honorable Arthur J. Schwab of the United States District Court for the Western District of Pennsylvania, in Courtroom 7C of the United States Courthouse, located at 700 Grant Street, Pittsburgh, PA 15219.  Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and Defense Counsel on or before [Notice Deadline].

If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  The postmark date of mailing to Class Counsel and Defense Counsel shall be the exclusive means for determining whether an objection is timely mailed to counsel.

| **8.** | **No Retaliation Permitted.** |
|---|---|

If you are a current employee of Weatherford, your decision as to whether to participate in this lawsuit will in no way affect your employment with Weatherford.  It is illegal for Weatherford to take any adverse employment action against you as a result of your participation in this Lawsuit.

| 9. | Do I Have an Attorney in this Case? |
|---|---|

The Court has designated the following law firm to serve as "Class Counsel" and represent the interests of the Class Members:  The Employment Rights Group, 100 First Avenue, Suite 650, Pittsburgh, PA 15222.  Their phone number is (412) 227-0763.

Lawyers from this firm are available to answer your questions in strict confidence. If you call Class Counsel, please identify yourself as a Class Member in the "Weatherford Service Supervisors Overtime Lawsuit" and ask to speak with one of the attorneys working on the case.

| 10. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

Class Counsel will be paid from the gross settlement amount of $600,000.  You do not have to pay the attorneys who represent the Settlement Class.  The Settlement Agreement provides that Class Counsel will receive up to $200,000 as reimbursement for their out-of-pocket litigation costs and compensation for their work on the case.  Class Counsel will petition the Court for an award of attorneys' fees and costs.  The Court will determine the amount of fees and costs at the Final Approval Hearing.

| 11. | Additional Information |
|---|---|

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact Class Counsel at the phone number printed above.  When you contact Class Counsel, please reference the Weatherford Service Supervisors Overtime Lawsuit.

This Notice only summarizes the Lawsuit, the Settlement, and related matters.  For more information, you may inspect the Court files at the Office of the Clerk of the United States District Court, located at 700 Grant Street, Pittsburgh, PA 15219, from 8:30 a.m. to 4:30 p.m., Monday through Friday.

**PLEASE DO NOT CONTACT THE COURT.**

# **EXHIBIT 2**

# CLAIM FORM

***Imhoff v. Weatherford International, LLC***
**United States District Court for the Western District of Pennsylvania**
**Case No. 2:15-cv-679 (Judge Arthur J. Schwab)**

**If you wish to receive money in connection with the Settlement of this lawsuit, you must complete and sign this Claim Form and return the form, postmarked no later than [Notice Deadline], to the below address:**

Weatherford Service Supervisors Overtime Lawsuit
c/o Dahl Administration
P.O. Box 3613
Minneapolis, MN 55403-0613

**Please Print:**

Name: _____

Address: _____

City: _____ State: _____ Zip Code: _____

1. I affirm that I have read the Notice of Class Action Settlement (the "Notice") distributed in connection with the settlement of *Imhoff v. Weatherford International, LLC*, Case No. 2:15-cv-679-AJS (W.D. Pa.).

2. I confirm that I worked for Weatherford as a service supervisor out of Weatherford's district in Buckhannon, West Virginia, or Muncy, Pennsylvania, at some time between May 26, 2012, and December 31, 2015.

3. I wish to receive a monetary Settlement Award and to participate in the settlement of this lawsuit on the terms set forth in the Notice.

4. RELEASE OF CLAIMS:  I understand that I will be deemed to release and forever discharge Weatherford and the other Releasees (as defined in the Settlement Agreement) from any and all claims, obligations, causes of action, and liabilities that arise under the Pennsylvania Minimum Wage Act or any other state law based on Weatherford's alleged non-payment of wages (including overtime premium pay) between May 26, 2012, and December 31, 2015.  I also understand that, if I previously opted into this case under the Fair Labor Standards Act, I will also be deemed to release and forever discharge Releasees (as defined in the Settlement Agreement) from all claims, obligations, causes of action, and liabilities that arise under the Fair Labor Standards Act based on Weatherford's alleged non-payment of wages (including overtime premium pay) between May 26, 2012, and December 31, 2015.

_____                    _____
DATE                                                                      SIGNATURE

# **EXHIBIT 3**

# EXCLUSION FORM

***Imhoff v. Weatherford International, LLC***
**United States District Court for the Western District of Pennsylvania**
**Case No. 2:15-cv-679 (Judge Arthur J. Schwab)**

**To exclude yourself from the Settlement and <u>NOT</u> receive a Settlement Award, you must complete and sign this Exclusion Form, then mail it to the below address no later than [Notice Deadline].**

Weatherford Service Supervisors Overtime Lawsuit
c/o Dahl Administration
P.O. Box 3613
Minneapolis, MN 55403-0613

BY SUBMITTING THIS FORM, I CONFIRM THAT I HAVE DECIDED <u>NOT</u> TO PARTICIPATE IN THIS SETTLEMENT AND <u>NOT</u> TO BE INCLUDED AS A CLASS MEMBER IN THIS ACTION.  I UNDERSTAND THAT I WILL RECEIVE <u>NO MONEY</u> FROM THIS SETTLEMENT IF I SUBMIT THIS FORM.

I confirm that I worked for Weatherford as a service supervisor out of Weatherford's district in Buckhannon, West Virginia, or Muncy, Pennsylvania, at some time between May 26, 2012, and December 31, 2015.

I affirm that I have read the Notice of Class Action Settlement (the "Notice") distributed in connection with the settlement of *Imhoff v. Weatherford International, LLC*, Case No. 2:15-cv-679-AJS (W.D. Pa.).

I affirm that I have decided to exclude myself from the Settlement Class and the Settlement.  I understand that I am eligible to receive a monetary payment in connection with this Settlement, and I further understand that, upon returning this form, **I WILL NOT RECEIVE A MONETARY PAYMENT IN CONNECTION WITH THIS SETTLEMENT.**

Name:

_____

Address:

_____

City: _____ State: _____ Zip Code: _____

Phone No.:  ( __ __ __ ) __ __ __ - __ __ __ __

_____                    _____
        DATE                                                        SIGNATURE

# **EXHIBIT 4**

| Imhoff v. Weatherford International, LLC<br>Case No. 2:15-679-AJS (W.D. Pa.) ||
| --- | --- |
| **Settlement Class Members** | **Plaintiffs and Opt-In Plaintiffs** |
| Ryan Bain | Glen Aurelius |
| Thomas Belford | Dallas Evano |
| Eric Cramer | Steve Garland |
| Aaron Fisher | Jason Haralson |
| Adam Gern | Jonathan Imhoff |
| Joshua Gresh | Brian Johns |
| Brandon Griffey | Darrell Kepner |
| Brian Holbrook | Bobby Martinez, Jr. |
| Ryan Johnson | Ronnie L. Phillips |
| Kevin King | Dennis Smith |
| Gregory Kitchen | Chad Stidham |
| Kenneth Lane | Richard Summerfield |
| Wade Lehman | Elden Thompson |
| Ronald Lewis | |
| Austin McCardle | |
| Michael McClung | |
| Ryan McElwee | |
| Dale Moores | |
| Alfonso Olivares | |
| Russell Smith | |
| Seth Steele | |
| Matthew Steslow | |
| Steven VanHattem | |
| Jason Watkins | |
| Steven Weimer | |
| Rayshun Williams | |